THE STATE EX REL. ROSE, APPELLANT, *v.* MCGINTY, JUDGE, APPELLEE.

[Cite as *State ex rel. Rose v. McGinty,* **128 Ohio St.3d 371, 2011-Ohio-761.**]

*Appeal from court of appeals' judgment denying writ of procedendo to compel common pleas court judge to issue a new judgment of conviction and sentence — Original sentencing entry complied with Crim.R. 32(C) and R.C. 2505.02 — Judgment affirmed.*

(No. 2010-2008 — Submitted February 16, 2011 — Decided February 23, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95451, 2010-Ohio-5020.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals denying a writ of procedendo to compel appellee, Cuyahoga County Court of Common Pleas Judge Timothy J. McGinty, to enter a new judgment of conviction and sentence for appellant, Floyd Rose, in *State v. Rose*, Cuyahoga Cty. C.P. case No. CR-07-492008-B, that complies with the requirements of Crim.R. 32(C) and R.C. 2505.02.

**{¶ 2}** "A writ of procedendo will not issue to compel the performance of a duty that has already been performed." *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1; *State ex rel. Rose v. McGinty*, 123 Ohio St.3d 86, 2009-Ohio-4050, 914 N.E.2d 366, ¶ 2. We have construed Crim.R. 32(C) to mean that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163,

syllabus. The March 27, 2007 sentencing entry for Rose fully complied with Crim.R. 32(C) and R.C. 2505.02 because it states that he pleaded guilty, it lists the crimes upon which his convictions and sentence were based, it sets forth the sentence, it is signed by the judge, and it was entered upon the journal by the clerk of court.

{¶ 3} As we recently held, our holding in *Baker* requires only " 'a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.' " (Emphasis sic.) *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* Cuyahoga App. No. 93814, 2010-Ohio-1066, 2010 WL 972808, ¶ 8. Therefore, notwithstanding Rose's argument to the contrary, the sentencing entry did not need to include the dispositions of the counts that Rose was originally charged with but that were not the basis for his convictions and sentence. Those counts were nolled. See http://cpdocket.cp.cuyahogacounty.us for case No. CR-07-492008-B, Mar. 21, 2007 Docket Entry.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Floyd Rose, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____