[Cite as *State v. Kramer*, 2011-Ohio-3504.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                             :
                                          :      Appellate Case No. 2010-CA-03
          Plaintiff-Appellee              :
                                          :      Trial Court Case No. 09-CRB-107
v.                                        :
                                          :
HELENA KRAMER                             :      (Criminal Appeal from
                                          :       Champaign County Municipal Court)
          Defendant-Appellant      :
                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2011.

. . . . . . . . . . .

GIL WEITHMAN, Atty. Reg. #0018377, 205 South Main Street, Urbana, Ohio 43078
          Attorney for Plaintiff-Appellee

NATALIE J. BAHAN, Atty. Reg. #0079304, 118 E. Court Avenue, Bellefontaine, Ohio 43311
          Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Helena Kramer appeals from a judgment overruling her motions to withdraw a guilty plea to a fourth-degree misdemeanor conviction for Domestic Violence, and for post-conviction relief.

{¶ 2} Kramer contends that the trial court erred in applying a manifest injustice standard to the motions, because the judgment entry of conviction failed to contain a finding of guilt and was void or voidable. Kramer therefore contends that she should have been able to freely withdraw the guilty plea. Kramer also challenges the judgment entry of conviction on various other grounds, alleging that the judgment was not entered on the clerk's journal and was not effective; that the judgment adjudicated her for a crime for which she did not knowingly, intelligently, and voluntarily enter a guilty plea; and that the trial court violated Crim. R. 11(D). Kramer additionally contends that the trial court erred in filing a nunc pro tunc entry in December 2009, because the court was not merely correcting a clerical mistake. Finally, Kramer contends that the trial court abused its discretion when it refused to answer questions and supply information about the court's electronic docketing and journal system.

{¶ 3} We conclude that the original judgment of conviction complied with Crim. R. 32(C), and was a final appealable order. Consequently, the trial court did not have to treat the motion to withdraw as a pre-sentence motion under Crim. R. 32.1. Furthermore, Kramer did not file an appeal from that judgment entry, and did not file a motion for leave to file a delayed appeal under App. R. 5(A). Therefore, challenges to the content of the original judgment of conviction cannot be considered in this appeal, which is from the court's denial of post-judgment motions.

{¶ 4} We further conclude that the trial court did not err in rejecting Kramer's untimely motion for post-conviction relief. Even if Kramer's explanation for the untimely filing is accepted, Kramer's constitutional rights were not violated. The trial court did attempt to amend the entry to reflect the proper crime of conviction by filing a nunc pro tunc

entry. However, under either the amended entry or the original judgment of conviction, Kramer would have been subject to a felony enhancement under R.C. 2919.25 for future domestic violence charges. Accordingly, even if the original judgment incorrectly stated the subsection of the crime of conviction, Kramer suffered no prejudice that is relevant to a subsequent charge of Domestic Violence.

{¶ 5} We also conclude that the trial court's alleged error in issuing a nunc pro tunc order is not properly before us. The order does not comply with requirements for a judgment under Crim. R. 32, and is not a final appealable order. Finally, the trial court did not err in refusing to answer questions about the court's electronic docketing system. Kramer failed to subpoena documents or witnesses for the motions hearing, and questioning the court as a witness was improper. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 6} In February 2009, a complaint was filed in the Champaign County Municipal Court, alleging that Helena Kramer had violated R.C. 2919.25(A), by kicking a household member, Kato Loudermilk, in the leg. The violation was listed as a Domestic Violence first-degree misdemeanor. The matter was set for pretrial on February 12, 2009, at which time, the prosecutor filed an agreement for plea, stating that the State would agree to "DV-M4" on the condition that Kramer complete six months rage counseling and stay in treatment with her current doctor.

{¶ 7} On the same day, a written waiver of rights and entry of plea was filed. In the form, Kramer pled guilty to the charge of "M4 Domestic Violence." The form indicates that

Kramer understood the nature of the charge and the penalties that could be imposed, which included 30 days confinement and a $250 fine. The form also states that Kramer understood that a subsequent offense could be charged as a felony, and that she understood the effect of a plea of guilty to the charge. In addition, the form lists Kramer's rights, including the right to a jury trial, to have witnesses testify on her behalf, and so forth.

{¶ 8} The bottom of the form contains a notation labeled "Entry," which states that Kramer appeared in open court on February 12, 2009, and signed the waiver after being advised orally by the court of the content of the waiver of rights. Furthermore, the form states that the court found that Kramer understood the effect of her plea and that the plea was made knowingly, voluntarily, and intelligently. Finally, the form indicated that the court accepted the plea and ordered it to be filed.

{¶ 9} A judgment entry was filed on February 12, 2009. The caption of the judgment contains various information about the case, including the charge, which is listed as "ORC/Code No. 2919.25(A) M 1 Domestic Violence." The entry lists various categories, including "Arraignment, Counsel, Bond, Continuance Date, Pretrial/Prelim Date, Trial Date, Jury Trial Date, Plea, and Decision." Under the "Plea" section, "Guilty" is checked, with a date of February 12, 2009. The "Decision" Section reads as follows:

"The provisions of ORC sections 2937.02 to 2937.07 were complied with by the Court. Upon hearing the facts of the case, the Court enters its verdict of:

"_____ Guilty _____ Not Guilty _____ Bound Over to Grand Jury _____Bond Forfeited

"_____ Dismissed: with or without CC

"_____ Dismissed: with or without prejudice."

None of the above items was checked.   The "Decision" section contains several handwritten notions, which state as follows:

"2/12/09 - $50 F & CC

"30 & Susp 30

"PNC 3 yrs

"6 months Rage Counseling

"Stay in Treatment with current doctor.

"[Illegible]no contact with Kato Loudermilk."

{¶ 10} On December 23, 2009, a nunc pro tunc notation was made on the February 12, 2009 entry.   The notation is unsigned, bears no separate file-stamp, and states as follows:

{¶ 11} "Nunc Pro Tunc – Should have been amended to M-4 – amend to M 4 DV."

In January 2010, Kramer filed a motion to withdraw her guilty plea.   In the motion, Kramer pointed out errors in the judgment entry, and contended that she had not pled guilty to a first-degree misdemeanor, had not appeared in open court, and had not been personally addressed by the court.    Kramer claimed that, as a result of these defects, the judgment was void.   Kramer also pointed out other errors, including:   (1) the court's failure to retain recordings of plea hearings in violation of S. Ct. Sup. R. 26(B)(2) and 26.05(G)(3); (2) the court's failure to have a "journal" as required by S. Ct. Sup. R. 26; and (3) the court's combination of the docket and journal in an electronic system that does not comply with S. Ct. Sup. R. 27.   Kramer also filed a petition for post-conviction relief, alleging the same grounds for relief as in the motion to withdraw her guilty plea.

{¶ 12} In February 2010, the trial court held a hearing on the motions, and received

testimony from Kramer and Kramer's former attorney, Todd Brecount, who had represented her on the Domestic Violence charge. Brecount had little independent recollection of the case, but suspected that the proceeding was not held in open court, because he did not make in-depth notes about the transaction. Pursuant to a local practice, clients may enter their plea at a counter, with the consent of their attorney, instead of being addressed in open court by the judge. In these situations, the attorney explains the client's rights and obtains the client's signature on the plea form. Brecount stated that he would have discussed the applicable law at the time with his client. In other words, if a future domestic violence charge could have resulted in an enhanced charge, due to the prior conviction, Brecount would have told the client about that.

{¶ 13} Kramer testified that she did not enter the courtroom, and was not personally addressed by the court with regard to her charge. Instead, her attorney came out to the hallway and told her the sentence. Kramer said her attorney did not explain to her that if the charge happened again, it would be a felony. She stated that if she had known that, it would have made a difference. She could not say that she would have liked to have a jury trial, but she would have liked to have had time to talk to an attorney, to intelligently and knowingly make the decision. She stated that she had pled guilty to a fourth-degree misdemeanor, and was not aware, until her current attorney, Natalie Bahan, told her, that the judgment entry reflected that she had been convicted of a first-degree misdemeanor. Bahan had been appointed as counsel for Kramer on a subsequent domestic violence case that was filed in municipal court and bound over to the grand jury.

{¶ 14} Kramer also testified that she had a domestic violence charge prior to the

charge to which she pled in February 2009. The previous charge was reduced to disorderly conduct. On that occasion, Kramer was represented by counsel, and also filled out paperwork at the counter.

{¶ 15} At the conclusion of the testimony, Kramer's attorney raised the issue of electronic records, and stated that the Supreme Court of Ohio had not been able to provide her with a copy of the approval of the Champaign County Municipal Court's use of that technology for the recording of journal entries. The trial court responded by stating that the Supreme Court of Ohio had recommended the company that had installed the software system for the court.

{¶ 16} At the conclusion of the hearing, the trial court orally overruled the motion to withdraw. The court then filed a written entry, concluding that a plea in open court for the charge was not required by the Rules of Criminal Procedure. The court also concluded that no manifest injustice occurred, because even without approval of the court's software program, the court could not understand how manifest injustice or bias would be created for Kramer. The court observed that Kramer's case file was, in fact, retained, and that the court had a verbatim record of its orders and judgments.

{¶ 17} Kramer appeals from the order of the trial court denying her post-judgment motions.


## II

{¶ 18} Kramer's First Assignment of Error is as follows:

{¶ 19} "THE JUDGMENT ENTRY FILED FEBRUARY 12, 2009, WAS VOID OR

VOIDABLE BECAUSE IT DID NOT INDICATE A FINDING OF GUILT OR INNOCENCE. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN THE APPLICATION OF THE STANDARD OF 'MANIFEST INJUSTICE' TO APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA."

{¶ 20} Under this assignment of error, Kramer contends that the judgment entry was void or voidable because the trial court did not enter a finding of guilt or innocence as to the statutory violation. Kramer contends that the trial court therefore should have considered her motion to withdraw her guilty plea as a pre-sentence motion under Crim. R. 32.1.

{¶ 21} As an initial matter, we note that the State did not file a brief, and did not respond to our show cause order, which was issued in January 2011. Under App. R. 18(C), if the appellee fails to file a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶ 22} Regarding motions to withdraw, Crim R. 32.1 states that:

{¶ 23} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 24} Kramer contends that the original judgment was not properly entered, because it did not contain a finding of guilt or innocence. Crim R. 32(C) sets forth the requirements for judgments, and states that:

{¶ 25} "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be

addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

{¶ 26} In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, the Supreme Court of Ohio considered Crim R. 32(C), and concluded that:

{¶ 27} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus.

{¶ 28} In explaining its holding, the Supreme Court of Ohio rejected the view of the Ninth District Court of Appeals, which had held that a judgment of conviction must include five elements, including the verdict or findings. Id. at ¶13, citing *State v. Miller*, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, ¶5. The Supreme Court of Ohio stressed that:

{¶ 29} "A more logical interpretation of Crim.R. 32(C)'s phrase 'the plea, the verdict or findings, and the sentence' is that a trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial.

{¶ 30} "The Ninth District has failed to recognize that not all four methods of conviction have all five elements. Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird* (1998), 81 Ohio St.3d 582, 584, 692 N.E.2d 1013, a plea

of guilty requires no finding or verdict. *Kercheval v. United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 ('A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence')." *Baker*, 2008-Ohio-3330, ¶14-15.

{¶ 31} In the case before us, the trial court was not required to check the box reflecting that upon hearing the facts (which it was not required to do), it had found Kramer "Guilty," because the judgment entry indicates that Kramer had pled guilty. See, also, *State ex rel. Rose v. McGinty,* 128 Ohio St.3d 371, 372, 2011-Ohio-761, ¶2 (the court holds that the sentencing entry complied with Crim. R. 32(C) and R.C. 2505.02. The entry states that the defendant pled guilty, lists the offenses upon which convictions and sentences were based, sets forth the sentence, is signed by the judge, and was entered upon the court's journal).

Accordingly, the February 12, 2009 judgment of conviction complied with Crim. R. 32(C), and was a final appealable order. The trial court, therefore, did not have to treat the motion to withdraw as a pre-sentece motion under Crim. R. 32.1.

{¶ 32} Kramer's First Assignment of Error is overruled.


III

{¶ 33} Kramer's Second Assignment of Error is as follows:

{¶ 34} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF."

{¶ 35} Under this assignment of error, Kramer contends that the trial court abused its

discretion in denying her petition for post-conviction relief, because no reasonable fact-finder would have found her guilty of a violation of R.C. 2919.25(A).

{¶ 36} Kramer conceded in the trial court that her petition was untimely under R.C. 2351.21. When a petition is not timely filed, the trial court may not entertain the petition unless, as applicable to the case before us, the petitioner shows: (1) that she was unavoidably prevented from discovering the facts upon which she must rely; and (2) by clear and convincing evidence, that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2351.23(A)(1)(a) and (b).

{¶ 37} With regard to the first prong, Kramer argues that she was unaware of the error in the judgment until her attorney discovered it, after the time for filing a petition had elapsed. Kramer also contends that the consequences of the mistaken conviction were serious and placed her in the position of having to defend against a felony indictment for domestic violence in October 2009. As support for this proposition, Kramer has attached Appendix E to her brief. Appendix E purports to be a felony indictment issued against Kramer on one count of Domestic Violence, a felony of the fourth degree, one count of Attempting to Cause Harm to Another, a peace officer in the performance of his official duties, a felony of the fourth degree, and one count of Possession or Use of a Controlled Substance, a minor misdemeanor.[1]

---

[1] In Appendix E, the title of Count One lists the charge as a fourth-degree felony under R.C. 2919.25(A) and (D)(3). The body of Count One refers to the charge as a second-degree felony. Under R.C. 2919.25(D)(3), a violation of division (A) is a felony of the fourth degree if the defendant has a prior domestic violation conviction. Therefore, we assume the body of the indictment is incorrect and that the charge is actually a fourth-degree felony.

{¶ 38} The indictment was not offered as an exhibit in the trial court, and it is not properly before us. It is well-settled that " '[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Williams v. Premier Auto Mall*, Montgomery App. No. 19690, 2003-Ohio-5922, ¶2, quoting from *State v. Ishmail* (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.

{¶ 39} At the motion hearing, the parties did discuss changes to the Domestic Violence law that occurred after Kramer's plea of guilty to Domestic Violence in February 2009. The prosecutor noted that Kramer wanted to void her plea because she now faced a felony charge based on a prior conviction. The prosecutor argued that a great many people were affected by the change in the law, and that it would be an injustice to let Kramer void her conviction. See February 2, 2010 Transcript, pp. 48-49. Other than these statements, the parties did not discuss how the changes in the law may have specifically impacted Kramer.

{¶ 40} In ruling on the motions, the trial court did not specifically discuss the motion for post-conviction relief. However, the motion was based on the same grounds as the motion to withdraw the guilty plea, which the court did specifically address. We therefore, assume that the court overruled the motion for post-conviction relief as well. *Shepard Grain Co. v. Creager*, 160 Ohio App.3d 377, 384, 2005-Ohio-1717, ¶ 22 ("When a trial court disposes of a case, motions that have not been ruled upon are presumed to have been denied.")

{¶ 41} We apply an abuse of discretion standard when we review denial of petitions for post-conviction relief. *State v. Barb*, Cuyahoga App. No. 94054, 2010-Ohio-5239, ¶20.

{¶ 42} Kramer was originally charged with having violated R.C. 2919.25(A), which is

statutorily classified as a first-degree misdemeanor. See R.C. 2919.25(D)(2). Before Kramer filed the motions for postconviction relief and to withdraw her guilty plea, the trial court had already filed a nunc pro tunc entry attempting to amend the original conviction to a fourth-degree misdemeanor domestic violence violation. The only violation in R.C. 2919.25 that is classified as a fourth-degree misdemeanor is R.C. 2919.25(C). See R.C. 2919.25(D)(2).

{¶ 43} At the time of Kramer's original conviction in February 2009, R.C. 2919.25(D) provided for enhancements of domestic violence penalties based on a prior conviction for domestic violence or other related crimes. For example, *any* prior domestic violence conviction would cause a subsequent violation of R.C. 2919.25(A) or (B) to be classified as a felony of the fourth degree, rather than a first-degree misdemeanor. Likewise, any prior domestic violence conviction would cause a future violation of R.C. 2919.25(C) to be classified as a second-degree misdemeanor, rather than a fourth-degree misdemeanor. See R.C. 2919.25(D)(3). Thus, under the statute as it existed at the time of her plea, Kramer's fourth-degree misdemeanor domestic violence violation would have subjected her to a potential fourth-degree felony charge if she again committed domestic violence, and the facts of the later case gave rise to a charge of having violated R.C. 2919.25(A) or (B). If the facts only warranted a charge of having violated R.C. 2919.25(C), the second violation would be classified as a second-degree misdemeanor.

{¶ 44} Significantly, even if Kramer had been convicted of a violation of R.C. 2919.25(A) – that is, a first-degree misdemeanor – that conviction would still have resulted in the same enhancements of the subsequent charge to either a felony or second

degree-misdemeanor. R.C. 2919.25(D)(3) does not distinguish among degrees of a former conviction; it simply provides for enhancement to a felony or second-degree misdemeanor, based on any prior domestic violence conviction.

{¶ 45} A few months after Kramer's guilty plea was entered, amendments to R.C. 2919.25 became effective. See Am. Sub. H.B. No. 386, 2008 Ohio Laws, 155, effective April 7, 2009. The amendments, however, relate to imposition of mandatory prison terms where an offender knows that the victim was pregnant at the time of the offense. For example, a clause was inserted in R.C. 2919.25(D)(3), indicating that with regard to violations of R.C. 2919.25(A) or (B), the court must impose a mandatory prison term under R.C. 2919.25(D)(6), if the offender knew the victim was pregnant at the time of the violation. In other words, even if the court could otherwise impose community control for a particular violation, the court must impose some term of imprisonment, if the offender knew the victim was pregnant at the time of the offense.[2]

{¶ 46} The amendments also added a new subdivision, (D)(6), which sets forth various mandatory prison terms that are to be applied. As an example, where a violation of R.C. 2919.25(A) or (B) is enhanced to a fourth-degree felony, and a mandatory term is required under R.C. 2919.25(D)(3) because the victim was pregnant, the court must impose a mandatory prison term of at least six months. R.C. 2919.25(D)(6)(a). If the violation causes serious physical harm to the unborn child, or causes termination of the pregnancy, a mandatory prison term of twelve months is required. R.C. 2919.25(D)(6)(b).

---

[2] The 2009 amendments to R.C. 2919.25(D)(3) actually referred to "(A)(6)," not "(D)(6)." This is obviously incorrect, since R.C. 2919.25 did not contain a section (A)(6). The correct letter, (D), was inserted in place of (A)(6) in amendments passed in 2010. See Sub. S. Bill 58, 2010 Ohio Laws File 50, effective September 17, 2010.

{¶ 47} Nothing in the record indicates that the amendments relate to Kramer's situation, since both domestic violence incidents involve Kato Loudermilk, who is described as a male in the incident report filed with the court.

{¶ 48} We also note that the Waiver of Rights and Entry of Plea form that Kramer signed specifically states that "I understand that a subsequent offense could be charged as a felony." Kramer acknowledged at the hearing that either she read the form or her attorney would have read it to her. February 2, 2010 Transcript, p. 38.

{¶ 49} We find no abuse of discretion. Even if we accept the explanation for the untimely filing, Kramer's rights were not violated. The trial court attempted to amend the entry to reflect the proper crime of conviction, and under either the amended or original charge, Kramer was subject to a felony enhancement under R.C. 2919.25. The later amendments to R.C. 2919.25 did not change this fact. And finally, Kramer signed a waiver form indicating that she was aware that a subsequent offense could result in a felony charge.

{¶ 50} Kramer's Second Assignment of Error is overruled.

IV

{¶ 51} Kramer's Third Assignment of Error is as follows:

{¶ 52} "THE JUDGMENT ENTRY FILED FEBRUARY 12, 2009 WAS NOT EFFECTIVE BECAUSE IT WAS NOT ENTERED ON THE CLERK'S JOURNAL AND THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT APPLIED THE STANDARD OF 'MANIFEST INJUSTICE' TO APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA AND PETITION FOR POST-CONVICTION RELIEF."

{¶ 53} Under this assignment of error, Kramer challenges the validity of all the judgment entries in the case before us. Counsel for Kramer states that when she requested a certified copy of the court's official journal, she was told that the court's trial journal was the electronic database accessible at the court's website. Counsel also asked the trial court a number of questions at the motion hearing regarding the electronic database that the court maintains on its website. Among other things, the court stated that it could see no bias, prejudice, or manifest injustice to Kramer, because the court maintains a verbatim record of its orders and judgments, which are journalized and indexed by the clerk.

{¶ 54} As a preliminary matter, we note that trial counsel's conversation with an unknown person or persons from the clerk's office is not part of the record. If Kramer's counsel wished to make a record on this point, she should have presented witnesses at the hearing.

{¶ 55} We see no evidence of irregularity in the record regarding the original judgment of conviction, other than the fact that the charge listed in the caption, R.C. 291925(A), is a first-degree misdemeanor, and the judgment of conviction was for a fourth-degree misdemeanor. Other than this clerical mistake, the judgment contained all necessary information under *Baker*, was reduced to writing, and was file-stamped.

{¶ 56} In *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, the Supreme Court of Ohio noted that placing information on a court's computerized docket is not tantamount to journalization of the court's decision. The Supreme Court noted that:

{¶ 57} "Dockets and journals are distinct records kept by clerks. See R.C. 2303.12 ('The clerk of court of common pleas shall keep at least four books [:] * * * the appearance

docket, trial docket * * *, journal, and execution docket.'); see, also, R.C. 1901.31(E). A docket is not the same as a journal." Id. at 337 (citation omitted).

{¶ 58} "A court speaks through its journals and an entry is effective only when it has been journalized. Civ.R. 58 and Crim.R. 32(B). To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court. The time-stamped date offers some evidence of its filing." *State v. Ellington* (1987), 36 Ohio App.3d 76, 78. Accord *State v. Baldauf* (May 21, 1990), Darke App. No. 1244.

{¶ 59} The court's February 12, 2009 entry complies with these requirements, as it is reduced to writing, is signed by a judge, and bears a file-stamp. Kramer, therefore, has failed to demonstrate that the February 12, 2009 judgment of conviction was not effective. Because the judgment was effective, the trial court did not err in applying the post-sentencing "manifest injustice" standard to the motion to withdraw the guilty plea pursuant to Crim. R. 32.1.

{¶ 60} We also find no evidence in the record that the clerk failed to comply with its duties under R.C. 1901.31(E). This statute provides that:

{¶ 61} "The clerk shall prepare and maintain a general index, a docket, and other records that the court, by rule, requires, all of which shall be the public records of the court. In the docket, the clerk shall enter, at the time of the commencement of an action, the names of the parties in full, the names of the counsel, and the nature of the proceedings. Under proper dates, the clerk shall note the filing of the complaint, issuing of summons or other process, returns, and any subsequent pleadings. The clerk also shall enter all reports, verdicts,

orders, judgments, and proceedings of the court, clearly specifying the relief granted or orders made in each action.   The court may order an extended record of any of the above to be made and entered, under the proper action heading, upon the docket at the request of any party to the case, the expense of which record may be taxed as costs in the case or may be required to be prepaid by the party demanding the record, upon order of the court."

{¶ 62} S. Ct. Sup. R. 26.05 also contains certain requirements for municipal court dockets and record retention.   S. Ct. Sup. R. 26.05(B)(1) requires municipal courts to "maintain an index, docket, journal and case files in accordance with Sup. R. 26(B) and divisions (A) and (C) of Sup. R. 26.05."   S. Ct. Sup. R. 26(B)(4) also states that a journal "means a verbatim record of every order or judgment of a court."

{¶ 63} There is no evidence of record to indicate that the municipal court failed to comply with these requirements.   Again, Kramer failed to present evidence regarding this matter.   If Kramer wished to rely on irregularities in the court's journal, Kramer should have subpoenaed witnesses and records to prove her claims.

{¶ 64} Finally, Kramer contends that the clerk's electronic database, which is accessed at the municipal court website, does not comply with S. Ct. Sup. R. 27, which requires courts to submit copies of proposed local rules to the Supreme Court Commission on Technology. Again, Kramer failed to present evidence regarding this point, other than counsel's statement that she was unable to obtain a submission from the committee.   Factual assertions of counsel in briefs or in the trial court are not evidence, however, and cannot be considered.   *Citibank (South Dakota), N.A. v. Kessler*, Franklin App. No. 03AP-580, 2004-Ohio-1899, ¶13.   Accord *Bank of Am., N.A. v. Miller*, Greene App. No. 2010-CA-60,   2011-Ohio-1403, ¶32.

{¶ 65} Kramer's Third Assignment of Error is overruled.


V

{¶ 66} Kramer's Fourth Assignment of Error is as follows:

{¶ 67} "THE JUDGMENT ENTRY FILED FEBRUARY 12, 2009, AS REPRESENTED ON THE CLERK'S JOURNAL (ASSUMING IT WAS), FOUND THE APPELLANT GUILTY FOR A CRIME FOR WHICH SHE DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER A PLEA OF GUILTY AND THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT APPLIED THE STANDARD OF MANIFEST INJUSTICE TO APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA AND PETITION FOR POST-CONVICTION RELIEF."

{¶ 68} Under this assignment of error, Kramer contends that the judgment entry of February 12, 2009, did not properly reflect the plea that was entered, and was not properly entered on the court's journal.  Alternatively, Kramer argues that even if the judgment was properly entered, she did not knowingly, intelligently, and voluntarily enter a plea of guilty  to the crime for which she was convicted and sentenced.   Kramer also contends that she was not personally addressed by the court in accordance with Crim. R. 11(D).

{¶ 69} We have already concluded that the judgment entry was properly journalized. Kramer did not file an appeal from that judgment entry, and did not file a motion for leave to file a delayed appeal under App. R. 5(A).   Accordingly, we cannot consider challenges to the content of the judgment.

{¶ 70} With regard to whether Kramer knowingly, intelligently, and voluntarily

entered a plea, Kramer did not plead guilty to a violation of R.C. 2919.25(A), despite what the judgment entry may have said. The record indicates that the plea was to a fourth-degree misdemeanor, which could only have been a violation of R.C. 2919.25(C). The court's incorrect designation of the statute is a clerical error and does not change the fact that Kramer intended to, and did, voluntarily, intelligently, and knowingly plead to the fourth-degree misdemeanor.

{¶ 71} Assuming that the trial court erred by not addressing Kramer personally when it accepted her guilty plea, the only matter being appealed at this point is whether Kramer should be allowed to withdraw her plea to the charge. Manifest injustice "has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith* (1977), 49 Ohio St.2d 261, 264.

{¶ 72} Kramer argues that the manifest injustice here is that she was convicted of a first-degree misdemeanor despite the fact that she pled guilty to a fourth-degree misdemeanor. But this injustice is in the process of being cured by the nunc pro tunc correction of her conviction to reflect that it is for a fourth-degree misdemeanor, consistent with her plea. Furthermore, the potential enhancement for a Domestic Violence conviction was the same, regardless of the degree of the violation. The waiver of rights and plea form also specifically informed Kramer that she could be subject to a felony charge in the event of a subsequent offense.

{¶ 73} Kramer's Fourth Assignment of Error is overruled.

VI

{¶ 74} Kramer's Fifth Assignment of Error is as follows:

{¶ 75} "NUNC PRO TUNC ENTRIES ARE LIMITED TO CORRECTING THE RECORD FOR ACTIONS THE COURT ACTUALLY TOOK AND NOT FOR WHAT IT SHOULD HAVE TAKEN, AND THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT ENTERED A NUNC PRO TUNC ORDER MODIFYING ITS ORIGINAL JUDGMENT."

{¶ 76} Under this assignment of error, Kramer contends that the trial court erred when it entered a nunc pro tunc entry modifying the judgment of February 12, 2009, because the entry was not made to correct an action actually taken by the court. Kramer also reiterates the arguments previously made regarding the invalidity of the original judgment of conviction.

{¶ 77} Crim. R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." In *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 1995-Ohio-278, the Supreme Court of Ohio stressed that "courts and administrative tribunals possess inherent authority to correct errors in  judgment entries so that the record speaks the truth. * * * However, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." Id. at 163-64 (citations omitted).

{¶ 78} In the case before us, the state filed a written offer reducing the charge to a fourth-degree misdemeanor. A written waiver of rights and entry of plea was also filed, indicating that Kramer had pled guilty to a fourth-degree misdemeanor Domestic Violence charge. The terms of the potential sentence were included in the waiver and plea form. The

same day, the trial court filed a judgment entry that mirrored the terms of the plea, except that the fine was reduced from $250 to $50 and court costs.

{¶ 79} Subsequently, on December 23, 2009, the trial court filed a nunc pro tunc entry indicating that it should have amended the Domestic Violence charge to a fourth-degree misdemeanor. The court then amended the charge. The trial court's action appears to have been taken to correct a clerical mistake and to let the record correctly reflect what the court actually decided.

{¶ 80} We conclude, however, that the December 23, 2009 entry is not a final judgment, because it has not been entered on the trial court's journal. The nunc pro tunc language is added at the bottom of the February 12, 2009 judgment entry, and is not file-stamped.

{¶ 81} "A judgment of conviction is a single document that must include: '(1) the guilty plea, jury verdict, or finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court.' *State v. Baker*, 119 Ohio St.3d 197, 2008–Ohio–3330, syllabus, ¶17. A nunc pro tunc judgment entry is issued as a correction and *replacement for the entire original judgment entry.*" *State ex rel. Elkins v. Sandusky Cty. Court of Common Pleas*, Sandusky App. No. S–11–008, 2011-Ohio-1904, ¶5 (italics in original).

{¶ 82} In *Elkins*, the court of appeals issued a writ of mandamus to compel the trial court to issue a proper nunc pro tunc judgment entry in compliance with *Baker* and Crim. R. 32. Id. at ¶8. Although the nunc pro tunc judgment in the case before us does not comply with *Baker* and Crim. R. 32, that issue is not currently before us, because Kramer has not

appealed from the December 23, 2009 nunc pro tunc entry; she has only appealed from the denial of her motions to withdraw her guilty plea and the denial of post-conviction relief. Furthermore, the nunc pro tunc entry is not yet a final appealable order, due to the trial court's having failed to comply with the requirements for issuing a nunc pro tunc order.

{¶ 83} Accordingly, Kramer's Fifth Assignment of Error is overruled.


VII

{¶ 84} Kramer's Sixth Assignment of Error is as follows:

{¶ 85} "R.C. 2919.25(D)(2) ASSESSES THE DEGREE OF A VIOLATION OF DIVISION (A) OF 2919.25 AS AN M-1. THE TRIAL COURT'S NUNC PRO TUNC JUDGMENT ENTRY FILED DECEMBER 23, 2009 (IF IT EXISTS) IS CONTRARY TO LAW BECAUSE IT CORRECTS ITS PREVIOUS FINDING OF GUILT OF A VIOLATION OF 2919.25(A) FROM AN M-1 TO AN M-4."

{¶ 86} Under this assignment of error, Kramer contends that the nunc pro tunc entry is invalid because it corrects the trial court's prior finding of guilt of a violation of R.C. 2919.25(A) from a first-degree misdemeanor to a fourth-degree misdemeanor. Kramer contends that this cannot be accurate, because a violation of R.C. 2919.25(A) can only be a first-degree misdemeanor. While we agree with these statements, the nunc pro tunc judgment is not properly before us, because it is not a final appealable order, and Kramer did not, in any event, appeal from the December 23, 2009 entry.

{¶ 87} We also note that Kramer supports her arguments with various documents that have been taken from the court's computerized public access system. We stressed previously

that we cannot consider matters that are not part of the record in the trial court. The records in question were not authenticated and offered into evidence at the motion hearing, and are not part of the record.

{¶ 88} For the reasons previously stated in connection with the Fifth Assignment of Error, the Sixth Assignment of Error is without merit and is overruled.


VIII

{¶ 89} Kramer's Seventh Assignment of Error is as follows:

{¶ 90} "THE TRIAL COURT DID NOT COMPLY WITH CRIMINAL RULE 11(D) WHEN IT CONVICTED THE APPELLANT OF AN M-1. ACCORDINGLY, APPELLANT WAS DENIED HER RIGHTS UNDER THE OHIO CONSTITUTION AND THE CONSTITUTION OF THE UNITED STATES AND DENIAL OF APPELLANT'S MOTION TO WITHDRAW HER PLEA AND PETITION FOR POST-CONVICTION RELIEF WAS AN ABUSE OF DISCRETION."

{¶ 91} Under this assignment of error, Kramer argues that the trial court convicted her of a first-degree misdemeanor under R.C. 2919.25(A), and was, therefore, required to personally address her pursuant to Crim. R.11(D).

{¶ 92} Kramer did not appeal this judgment, nor has she filed a motion for delayed appeal under App. R. 5(A). As a result, we cannot consider issues pertaining to the February 12, 2009 entry. For the reasons previously stated, we also find no manifest injustice or abuse of discretion in the denial of Kramer's motions.

{¶ 93} Based on our previous discussions of the assignments of error, Kramer's

Seventh Assignment of Error is overruled.

IX

{¶ 94} Kramer's Eighth Assignment of Error is as follows:

{¶ 95} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO ANSWER QUESTIONS, SUPPLY INFORMATION AND CONFIRM THAT ITS USE OF AN ELECTRONIC DOCKETING AND JOURNAL SYSTEM COMPLIED WITH SUP. R. 26 AND 27."

{¶ 96} Under this assignment of error, Kramer contends that the trial court abused its discretion by refusing to answer questions and to supply information about the court's electronic docketing system.  An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' "  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 97} The record indicates that Kramer's counsel attempted to question the court at the motions hearing about the electronic docketing system and about whether the court had complied with S. Ct. Sup. R. 27, which requires that local rules of practice that relate to information technology be submitted to the Supreme Court Commission on Technology and the Courts for review.  The trial court indicated that it did not see the relevance of this matter to the issue of whether Kramer had been the subject of manifest injustice for purposes of withdrawing her guilty plea.  The court did indicate that the Supreme Court of Ohio had recommended the company that installed the court's software.  When Kramer's counsel continued to question the court, the court indicated that it was not Kramer's witness.

{¶ 98} The trial court did not act arbitrarily, unreasonably, or unconscionably. We noted earlier that if Kramer wished to challenge the court's docketing system, she should have subpoenaed records and witnesses from the clerk's office. Questioning the trial judge at a motions hearing was not the proper way to present evidence.

{¶ 99} Kramer's Eighth Assignment of Error is overruled.

## X

{¶ 100} As a final matter, we stress that although we are affirming the trial court's decision on the post-conviction motions, the trial court is not precluded from correcting its mistake  in the original judgment entry. The nunc pro tunc procedure is the proper method of correcting the entry, but the trial court needs to properly enter the nunc pro tunc judgment.

## XI

{¶ 101} All of Kramer's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.


Copies mailed to:

Gil S. Weithman
Natalie J. Bahan
Hon. Susan J. Fornof-Lippencott