**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jackson,* Slip Opinion No. 2017-Ohio-7469.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7469

THE STATE OF OHIO, APPELLANT, *v.* JACKSON, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Jackson,* Slip Opinion No. 2017-Ohio-7469.]**

*Criminal law—Final, appealable order—Multiple counts in an indictment—Any dismissal of a count in an indictment resolves that count—Judgment of conviction on remaining counts is a final, appealable order.*

(No. 2016-0782—Submitted June 6, 2017—Decided September 7, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 103035, 2016-Ohio-704.

_____

FISCHER, J.

{¶ 1} In this case, we clarify that which we believe is already clear—*any* dismissal of a count in an indictment resolves that count and does not prevent a judgment of conviction from being final and appealable.  Accordingly, we reverse the judgment of the court of appeals dismissing appellee Andrew L. Jackson's

appeal for lack of a final and appealable order, we reinstate Jackson's appeal, and we remand the cause to the appellate court for further proceedings.

## I. BACKGROUND

{¶ 2} Jackson was indicted on two counts of kidnapping under R.C. 2905.01(A)(2), two counts of aggravated robbery under R.C. 2911.01(A)(1), and one count of grand theft under R.C. 2913.02(A)(1). The indictment also included firearm and forfeiture specifications for each count.

{¶ 3} Jackson pleaded not guilty, and the case proceeded to a jury trial. The jury returned a verdict of guilty on the grand-theft count and aggravated-robbery counts; however, the jury was unable to reach a verdict on the kidnapping counts. The jury found Jackson not guilty of all firearm specifications. The forfeiture specifications were not submitted to the jury or to the court because Jackson stipulated at trial that he forfeited any right, title, interest, or claim to the handgun introduced as an exhibit at trial.

{¶ 4} After the trial court declared a mistrial on the kidnapping counts, the state orally moved to dismiss those counts against Jackson. The trial court granted the state's unopposed motion.

{¶ 5} At sentencing, the trial court found that the grand-theft count and one count of aggravated robbery were allied offenses and merged those two counts. The court sentenced Jackson to a six-year term of incarceration on each aggravated-robbery count to be served concurrently. The trial court entered judgment on the convictions and included in the judgment entry the dismissal of the kidnapping counts.

{¶ 6} Jackson appealed his judgment of conviction. The court of appeals, sua sponte, dismissed Jackson's appeal for lack of a final, appealable order after it determined that the trial court had dismissed the kidnapping counts without prejudice. 2016-Ohio-704 at ¶ 5, 11. Relying on its precedent in *State v. Cole*, 8th Dist. Cuyahoga No. 88722, 2007-Ohio-3076, ¶ 8, and *Fairview Park v. Fleming*,

8th Dist. Cuyahoga Nos. 77323 and 77324, 2000 Ohio App. LEXIS 5714 (Dec.7, 2000), the appellate court held that "in a criminal case, a dismissal without prejudice does not constitute a final order under R.C. 2505.02 or Crim.R. 48." 2016 Ohio-704 at ¶ 6.

{¶ 7} The state filed a motion for reconsideration and moved to certify a conflict with the Fifth District Court of Appeals' opinion in *State v. Manns*, 5th Dist. Richland No. 11-CA-28, 2012-Ohio-234. Jackson supported the state's motion for reconsideration but opposed the state's motion to certify a conflict. The appellate court denied the state's motions.

{¶ 8} We initially declined to accept the state's appeal for review. 146 Ohio St.3d 1492, 2016-Ohio-5585, 57 N.E.3d 1171. However, the state filed a motion for reconsideration and, upon further review, we granted that motion and accepted the jurisdictional appeal on the state's sole proposition of law: "For purposes of Crim.R. 32(C), any dismissal of a count disposes of that count for the purposes of determining if the criminal conviction is a final appealable order." *See* 147 Ohio St.3d 1439, 2016-Ohio-7677, 63 N.E.3d 157.

## II.    ANALYSIS

{¶ 9} The issue before us is whether a dismissal without prejudice of a count in a multicount indictment prevents the judgment of conviction on the remaining counts from being a final, appealable order. We hold that a judgment of conviction is a final, appealable order if it complies with Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14, and that counts that are dismissed are resolved and do not prevent the judgment of conviction from being final and appealable.

{¶ 10} Pursuant to Crim.R. 48(A), "[t]he state may by leave of court and in open court file an entry of *dismissal* of an indictment, information, or complaint and the prosecution shall thereupon *terminate*." (Emphasis added). Similar to R.C. 2945.67(A), the rule does not distinguish between dismissals with or without

prejudice—upon any dismissal, the prosecution shall terminate. *See State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 13; *Manns*, 2012-Ohio-234 at ¶ 17. Therefore, a dismissed count has been resolved in that proceeding. *See State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2; *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3.

{¶ 11} A judgment of conviction qualifies as a final order under R.C. 2505.02(B). *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 9. In *Lester*, we held that "a judgment of conviction is a final order * * * when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 14. We have also held that a valid judgment of conviction requires a full resolution of any counts for which there were convictions. *See Davis* at ¶ 2; *McGinty* at ¶ 3. A valid judgment of conviction does not " 'require a reiteration of those counts and specifications for which there were no convictions, but were *resolved* in other ways, such as *dismissals*, nolled counts, or not guilty findings.' " (Emphasis added.) *Davis* at ¶ 2, quoting *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 93814, 2010-Ohio-1066, ¶ 8; *McGinty* at ¶ 3.

{¶ 12} In the case before us, the Eighth District concluded that Jackson's appeal was not a final, appealable order because the dismissals without prejudice of the kidnapping counts were "not a final determination" of the parties' rights. 2016-Ohio-704 at ¶ 11. The Eighth District held that for Jackson's judgment of conviction to be final and appealable, the state would need to dismiss the kidnapping counts with prejudice or proceed to trial on those counts. *Id.* at ¶ 13. In reaching this conclusion, the appellate court relied on several decisions that are no longer good law after our opinion in *Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, and that predated our opinions in *Baker*, 119 Ohio St.3d

197, 2008-Ohio-3330, 893 N.E.2d 163; *Davis,* 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41; *McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672; and *Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. *See* 2016-Ohio-704 at ¶ 9-13.

{¶ 13} Here, the trial court, in its judgment entry, terminated the kidnapping counts by dismissing them. Crim.R. 48(A). Pursuant to *Davis* and *McGinty*, the dismissed counts, regardless of whether they were dismissed with or without prejudice, do not prevent the judgment of conviction from being final and appealable. Furthermore, the trial court's judgment entry complied with Crim.R. 32(C): (1) the entry set forth that Jackson was found guilty of two counts of aggravated robbery and one count of grand theft and that the grand-theft count merged with one of the aggravated-robbery counts; (2) the trial court sentenced Jackson to a six-year term of incarceration on both aggravated-robbery counts to be served concurrently; (3) the judge signed the entry; and (4) the clerk time stamped the entry indicating that it had been entered upon the journal. Because the judgment of conviction complied with Crim.R. 32(C) and the dismissed kidnapping counts were resolved, the judgment was a final, appealable order.

{¶ 14} To affirm the decision below could either prevent the state from exercising some of its discretionary authority or empower the state to delay or deny a convicted person's opportunity to be heard on appeal. For example, under the appellate court's reasoning, if the state wanted to avoid delaying an appeal, the state would have to move to dismiss with prejudice the kidnapping counts. This option would force the state to make a hasty decision and forego its discretion to reindict Jackson in order to enable an appeal. Alternatively, the state could move to dismiss without prejudice the kidnapping counts and then move to immediately reindict and retry Jackson on those same counts. With this scenario, however, the state would lose the opportunity to investigate those counts further and to exercise its reasonable discretion in the timing of reindicting Jackson. The state's final option

could be to move to dismiss without prejudice the kidnapping counts and, if the trial court granted that motion, do nothing further. The state then would be empowered, in this type of situation, to let Jackson languish without any opportunity to be heard on appeal until the statute of limitations on the kidnapping counts expires. Any of these choices would either unreasonably empower the state or deny it the discretion to which it is entitled. Both results are unreasonable and unlawful.

{¶ 15} The court of appeals' decision, if allowed to stand, would effectively stay appellate review of Jackson's judgment of conviction and six-year sentence for the aggravated-robbery counts until the state either sought a new indictment or the 20-year statute of limitations for the dismissed kidnapping counts expired. *See* R.C. 2901.13(A)(3)(a) and 2905.01(A)(2). In the meantime, Jackson would stand as a convicted felon with all of the disabilities that flow from that status and with no means to exercise his right to an appeal.

### III.    CONCLUSION

{¶ 16} The prosecution of the kidnapping counts terminated once the trial court dismissed those counts. The dismissal of the kidnapping counts did not prevent the judgment of conviction from being a final, appealable order. Because the judgment of conviction complied with Crim.R. 32(C) and *Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at ¶ 14, it was a final, appealable order. Accordingly, we reverse the judgment of the Eighth District Court of Appeals. We reinstate Jackson's appeal, and we remand the cause to the appellate court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and John F. Hirschauer, Assistant Prosecuting Attorneys, for appellant.

Nee Law Firm, L.L.C., and Matthew M. Nee, for appellee.

Russell S. Bensing, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen G. Sweeney and John T. Martin, Assistant Public Defenders, urging reversal for amicus curiae Cuyahoga County Public Defender.

_____