[Cite as *State v. Dorsey*, 2026-Ohio-479.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No.  24CA4113 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Tyli R. Dorsey, | : | **RELEASED 2/09/2026** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

W. Jeffrey Moore, Columbus, Ohio, for appellant.

Shane A. Tieman, Prosecuting Attorney, and Jay Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____

Hess, J.

**{¶1}**  Tyli R. Dorsey appeals from a judgment of the Scioto County Court of Common Pleas convicting her, following a no contest plea, of trafficking in cocaine, trafficking in heroin, tampering with evidence, and assault.  Dorsey presents six assignments of error.  However, the trial court did not dispose of one of the counts of the indictment, resisting arrest, via journal entry.  Because of this hanging charge, the entry from which Dorsey appeals is not a final appealable order.  Therefore, we lack jurisdiction to address the merits of this appeal and dismiss it.

## I.  FACTS AND PROCEDURAL HISTORY

**{¶2}**   In March 2017, Dorsey was indicted on seven counts:  (1) Count One, trafficking in cocaine, a first-degree felony; (2) Count Two, possession of cocaine, a first-degree felony; (3) Count Three, trafficking in heroin, a first-degree felony; (4) Count Four, possession of heroin, a first-degree felony; (5) Count Five, tampering with evidence, a third-degree felony; (6) Count Six, assault, a fourth-degree felony; and (7) Count Seven, resisting arrest, a first-degree misdemeanor.  Dorsey initially pleaded not guilty. After proceedings not pertinent to the resolution of the present appeal, on June 10, 2024, Dorsey entered a no contest plea to Count One, Count Two, Count Three as amended to a second-degree felony, Count Four as amended to a second-degree felony, Count Five, and Count Six. During the change of plea hearing, the State moved the trial court to dismiss Count Seven, and the trial court orally granted the motion. The trial court accepted the no contest plea.

**{¶3}**   On December 12, 2024, the trial court issued a judgment entry of sentence in which it found Dorsey guilty of the offenses to which she pleaded no contest.  The court found the two cocaine related counts merged, and the two heroin related counts merged. The court sentenced Dorsey for trafficking in cocaine, trafficking in heroin, tampering with evidence, and assault. None of the court's entries, including the judgment entry of sentence from which Dorsey appeals, address the dismissal of Count Seven, the resisting arrest count.

## II.  ASSIGNMENTS OF ERROR

**{¶4}**   Dorsey presents six assignments of error:

Assignment I:  This Court erred when it sent the case back to the Trial Court for it to reconsider this Court's suggestions.

Assignment II:  The Appellant did not willfully consent to a Terry pat down.

Assignment III: The Trooper lacked a basis to perform a Terry pat down.

Assignment IV: The arrest of the Appellant was illegal.

Assignment V:  The Terry pat down was illegal and outrageous.

Assignment VI: The Trial Court erred in refusing to allow the Appellant a hearing regarding equal protection[ ] violations.

### III.   LAW AND ANALYSIS

{¶5}    Before we address the merits of the appeal, we must determine whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ."  Ohio Constitution, Article IV, Section 3(B)(2).  "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 2015-Ohio-4246, ¶ 8 (4th Dist.).  "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte."  *Id.*  Our review of the record in this case revealed a jurisdictional issue which prevents us from reaching the merits of the appeal.

{¶6}    "The General Assembly enacted R.C. 2505.02 to specify which orders are final." *State v. Cutright*, 2021-Ohio-1582, ¶ 6 (4th Dist.), citing *Smith v. Chen*, 2015-Ohio-1480, ¶ 8. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester,* 2011-Ohio-5204, paragraph one of the syllabus. "The Supreme Court of Ohio has . . . held that in a criminal case involving multiple counts, a final order need not contain

a reiteration of those counts that were resolved on the record in other ways, such as dismissal, nolled counts, or not guilty findings." *Cutright* at ¶ 7, citing *State ex rel. Rose v. McGinty*, 2011-Ohio-761, ¶ 3. "But unless the charges that do not result in conviction have been terminated by a journal entry, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case." *Id.*, and cases cited therein.

{¶7}    In this case, Dorsey was charged with seven counts, and the trial court has not resolved one of them, the resisting arrest count, via journal entry.  Although the trial court orally granted the State's motion to dismiss the resisting arrest count at the change of plea hearing, "'"[i]t is axiomatic that a court speaks only through its journal entries."'" *State v. Richards*, 2021-Ohio-389, ¶ 12 (4th Dist.), quoting *State v. Payton*, 2015-Ohio-1796, ¶ 7 (4th Dist.), quoting *State ex rel. Collier v. Farley*, 2005-Ohio-4204, ¶ 18 (4th Dist.).  As a result, the resisting arrest count is a hanging charge which prevents the trial court's judgment entry of sentence from being a final appealable order.  Therefore, we lack jurisdiction to address the merits of this appeal and dismiss it.  All pending motions are denied as moot.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that all pending motions are denied as moot.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion

For the Court

BY: _____
Michael D. Hess, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**