DECISION AND JUDGMENT ENTRY
{¶ 1} Jason Farley appeals the judgment of the Lawrence County Court of Common Pleas granting the state's motion for summary judgment upon its complaint for foreclosure. He raises five assignments of error challenging: (1) the trial court's grant of summary judgment to the state on the ground that the judgment lien did not attach to the subject real property; (2) the imposition of an excessive fine against him when he was never charged with a crime; (3) the trial judge's refusal to recuse himself; (4) the trial court's jurisdiction to consider the state's motion for summary judgment allegedly during the pendancy of an earlier appeal to this court; and (5) the trial court's summary dismissal of his cross-complaint. Because we find that the judgment entry appealed is not a final appealable order, we dismiss this appeal.
 I. {¶ 2} On May 27, 2004, the state filed a complaint to foreclose a judgment lien on land. The complaint named the following as defendants: Roger Farley; Jason Farley; the Farley's unknown spouses, if any; the Lawrence County Treasurer; the Lawrence County Auditor; and John Does one through five. The complaint sought to foreclose a judgment lien upon certain real estate known commonly as 532 Rockwood Avenue, Chesapeake, Ohio 45619.
 {¶ 3} The judgment lien the state sought to foreclose resulted from a $13,750 fine imposed upon Roger Farley in criminal case number 99-CR-82. The state alleged that on March 21, 2000, the March 14, 2000 judgment entry in Case No. 99-CR-82 was filed with the Lawrence County Clerk of Courts as a certificate of judgment, which was duly filed of record in Judgment Docket 19, page 396. The state further alleged that, by operation of law, the judgment attached to all property owned by Roger at that time. The state asserted that Roger was the record owner of the subject real property on and after its judgment became a lien. Therefore, the state claimed that its judgment lien attached to the real property. Roger later conveyed the subject real property to Jason L. Farley by a deed, dated September 28, 2001, and recorded by the Lawrence County Recorder's office on February 8, 2002.
 {¶ 4} Roger moved the court to dismiss the complaint against him pursuant to Civ.R. 12(B)(6) because he no longer had any interest in the real property that was the subject matter of the foreclosure action. The trial court granted Roger's motion.
 {¶ 5} Jason also moved the court to dismiss the complaint against him pursuant to Civ.R. 12(B)(6). In his motion, he claimed that he received the deed to the property free, clear and unencumbered because: (1) no memorial of the judgment was entered upon the register of the last certificate of title of the land to be affected under R.C. 2329.02; and (2) he had no connection to the fines imposed upon his father in the criminal case.
 {¶ 6} The trial court denied Jason's motion to dismiss, noting that R.C. 2329.02 provides two options for the attachment of a lien: (1) by filing a certificate under the hand and official seal of the clerk of court; or (2) by filing and noting a certificate copy of the judgment in the office of the county recorder in which the land is situated, and entering a memorial of the judgment upon the register of the last certificate of title to the land to be affected. Because the trial court found that the judgment order from the criminal case was filed with the Lawrence County Clerk of Courts as a certificate of judgment and recorded, it concluded that the lien attached to the subject property. Because the lien was not satisfied, the court found that the lien continued on the land when Roger transferred the land to Jason. Accordingly, the trial court denied Jason's motion to dismiss.
 {¶ 7} Jason appealed the trial court's refusal to dismiss the foreclosure action against him in Case No. 04CA30. We found that the trial court's decision was not a final appealable order and, therefore, we had no jurisdiction to hear it. Accordingly, we dismissed the appeal.
 {¶ 8} While Jason's appeal was still pending before this court, the state filed a motion for summary judgment against Jason. After we dismissed the appeal, the state filed a request for a hearing on its motion. Jason never filed a memorandum contra to the state's motion for summary judgment.
 {¶ 9} Before the hearing on the state's motion, Jason filed a motion for recusal, alleging that the trial judge should recuse himself from hearing the case. Additionally, Jason also filed a "Cross Complaint for Negligence Omission/Deriliction (sic) of Statutory duty" against: J.B. Collier, Jr., Lawrence County Prosecutor; Ray T. Dutey, Lawrence County Auditor; Dale Burcham, Lawrence County Clerk of Courts; Name Unkown, John Doe 1, Lawrence County Recorder; and "Any other County official/hereto, unknown at this time."
 {¶ 10} The trial court granted the state's motion for summary judgment against all defendants. Additionally, the order specified that, unless Jason paid the judgment amount plus the costs of the action within three days, his equity of redemption would be foreclosed and the real property sold.
 {¶ 11} Jason appeals raising the following assignments of error: "[I.] THE TRIAL COURT ERRED WHEN IT HELD THAT A CRIMINAL FINE IMPOSED UPON A CONVICTED FELON, COULD BE CONVERTED INTO A CIVIL JUDGMENT AND TRANSFERRED TO PROPERTY PREVIOUSLY OWNED BY THE CONVICTED FELON, WITHOUT A LIEN OR ATTACHMENT PLACED ON SAID PROPERTY: IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT TO THE U.S. CONST., AND ARTICLE I SECTIONS 1, AND 16 OF THE OHIO CONST., AND R.C. § 2329.02. [II.] THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER THE FORECLOSURE OF JUDGMENT LIEN ON LAND WAS AN EXCESSIVE FINE PROHIBITED BY U.S. CONST. AMEND. 8, O Const., § 9, ART. I. [III.] THE TRIAL JUDGE ERRED BY FAILING TO RECUSE HIMSELF WHEN REQUESTED TO DO SO PURSUANT TO CODE OF JUDICIAL CONDUCT: CANNON 3C(1), (A)(a) and (b). [IV.] THE TRIAL COURT ERRED IN CONSIDERING A MOTION FOR SUMMARY JUDGMENT THAT HAD BEEN FILED DURING THE PENDENCY OF AN APPEAL AND ERRED FOR NOT ORDERING THE PLAINTIFF TO SERVE A COPY OF THE MOTION ON THE DEFENDANT; [IV.] THE TRIAL COURT ERRED BY SUMMARILY DISMISSING APPELLANT'S CROSS COMPLAINT AGAINST THE NAMED DEFENDANTS."
 II. {¶ 12} Initially, we must address the threshold issue of whether the judgment entry appealed is a final appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. R.C. 2505.02 defines a final order as, inter alia, an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C.2505.02(B)(1).
 {¶ 13} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell (1989), supra. In the event that the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 14} Generally, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final, appealable order. Third Natl. Bank ofCircleville v. Speakman (1985), 18 Ohio St.3d 119, 120; OberlinSav. Bank Co. v. Fairchild (1963), 175 Ohio St. 311, 312-313.
 {¶ 15} However, when an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble v. Colwell
(1989), 44 Ohio St.3d 92, 96; Jarrett v. Dayton OsteopathicHosp., Inc. (1985), 20 Ohio St.3d 77, syllabus. An order of foreclosure that does not dispose of all remaining claims must be dismissed for lack of a final appealable order. Federal HomeLoan Mtge. Corp. v. Weust (1989), 64 Ohio App.3d 513, 513-14;BCGS, L.L.C., v. Raab (July 17, 1998), Lake App. No. 98-L-041;Haskins v. Fraley (Nov. 20, 1992), Gallia App. No. 92CA1.
 {¶ 16} Here, on December, 14, 2004, one day before the hearing on the state's motion for summary judgment, Jason filed a "Cross Complaint for Negligence Omission/Deriliction (sic) of Statutory duty" against: J.B. Collier, Jr., Lawrence County Prosecutor; Ray T. Dutey, Lawrence County Auditor; Dale Burcham, Lawrence County Clerk of Courts; Name Unkown, John Doe 1, Lawrence County Recorder; and "Any other County official/hereto, unknown at this time."
 {¶ 17} At the December 15, 2004 hearing on the state's motion for summary judgment, the trial court briefly addressed Jason's cross complaint. The court noted that the clerk of courts, the county auditor, and the prosecutor had no duty to inform anyone whether there is a lien against any property. Therefore, the court indicated that it would dismiss and strike Jason's cross complaint for negligent omission and dereliction of statutory duty.
 {¶ 18} The trial court granted the state's motion for summary judgment. However, the judgment entry failed to dismiss and strike Jason's cross complaint, as the court orally stated it would do. It is axiomatic that a court speaks only through its journal entries. In re Adoption of Gibson (1986),23 Ohio St.3d 170, 173 at fn. 3. See also, Schenley v. Kauth (1953)160 Ohio St. 109, paragraph one of the syllabus (holding that court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum). Because the trial court's entry fails to dispose of Jason's cross complaint, or to make an express determination that there is no just cause for delay as required by Civ.R. 54(B), we conclude that the judgment entry appealed from is not a final appealable order. Accordingly, we dismiss this appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED, and that Appellee shall recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.