[Cite as *State v. Cutright*, 2021-Ohio-1582.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA3718 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Casey B. Cutright, | : | |
| Defendant-Appellant. | : | **RELEASED 5/03/2021** |

<u>APPEARANCES</u>:

Paul Giorgianni, Giorgianni Law LLC, Columbus, Ohio for appellant.

Jeffrey C. Marks, Ross County Prosecutor and Pamela C. Wells, Ross County Assistant Prosecutor, Chillicothe, Ohio, for appellee.

Hess, J.

**{¶1}** Casey B. Cutright appeals his conviction for felonious assault and endangering children. Cutright contends that there was insufficient evidence to support his conviction and his conviction was against the manifest weight of the evidence because there was insufficient evidence of: (1) "serious" physical harm or (2) that he "knowingly" caused serious physical harm. Cutright also contends that his conviction was barred by the corpus delicti rule, which requires physical evidence of a crime, because he contends the state presented no evidence that the victim suffered serious physical harm beyond Cutright's own confession. Last, Cutright contends that he was deprived of his constitutional right to effective assistance of counsel because his trial attorney failed to object to the admission of his confession and the state's mischaracterization of his conduct.

**{¶2}** However, because the trial court failed to dispose of one of the two endangering children counts and no journal entry appears in the record resolving it, no final appealable order exists. Consequently, we lack jurisdiction to address the merits of his appeal and dismiss it.

## I. PROCEDURAL HISTORY

**{¶3}** The Ross County grand jury indicted Cutright on three counts of felonious assault in violation of R.C. 2903.11, second-degree felonies, and two counts of endangering children in violation of R.C. 2919.22, one a second-degree felony and one a third-degree felony. Cutright pleaded not guilty. A jury found Cutright guilty of three counts of felonious assault and one count of endangering children and the trial court sentenced him to a cumulative 21-year prison term.

## II. ASSIGNMENTS OF ERROR

**{¶4}** Cutright assigns the following seven errors for our review:

1. There is insufficient evidence: (a) that the conduct charged in Count 1 caused "serious physical harm" and (b) that Mr. Cutright "knowingly" caused serious physical harm as charged in Count 1. (R., *passim.*)

2. There is insufficient evidence: (a) that the conduct charged in Count 2 caused "serious physical harm" and (b) that Mr. Cutright "knowingly" caused serious physical harm as charged in Count 2. (R., *passim.*)

3. There is insufficient evidence: (a) that the conduct charged in Count 3 caused "serious physical harm" and (b) that Mr. Cutright "knowingly" caused serious physical harm as charged in Count 3. (R., *passim.*)

4. If there is insufficient evidence of "serious physical harm," then the trial court erroneously characterized the endangering children conviction as a felony. (R. 33, Entry (Mar. 9, 2020); R. 42, Judgment Entry Sentence 2, *ll.* 1-2 (May 11, 2020).)

5. The verdict is contrary to the manifest weight of the evidence as to: (a) Count 1, (b) Count 2, and (c) Count 3. (R., *passim.*)

6. The convictions, on all four counts, are barred by the *corpus delicti* rule. (R., *passim*)

7. Mr. Cutright was deprived of his constitutional right to effective assistance of counsel. (Failure to object to admission of confession: Tr. I:131-157. Failure to object to the State's mischaracterizations of Mr. Cutright's conduct: Tr. I:76:6-9, 206:5-8; Tr. II:30:16-31:2, 31:9-11, 118:9-10, 118:22-119:1, 122:22-123:4.)

## III. LEGAL ANALYSIS

**{¶5}** Before we review the merits of Cutright's assignments of error, we must determine whether we have jurisdiction to do so. The Ohio Constitution limits an appellate court's jurisdiction to the review of "final orders" of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). In accordance with this constitutional directive, we " 'must sua sponte dismiss an appeal that is not from a final appealable order.' " *State v. Brewer,* 4th Dist. Meigs No. 12CA9, 2013-Ohio-5118, ¶ 5, quoting *State v. Marcum,* 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 6.

**{¶6}** The General Assembly enacted R.C. 2505.02 to specify which orders are final. *Smith v. Chen,* 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8. To constitute a final appealable order under R.C. 2505.02, a judgment of conviction and sentence must satisfy the substantive provisions of Crim.R. 32(C) and include: (1) the fact of conviction; (2) the sentence; (3) the judge's signature; and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

**{¶7}** The Supreme Court of Ohio has also held that in a criminal case involving multiple counts, a final order need not contain a reiteration of those counts that were resolved on the record in other ways, such as dismissal, nolled counts, or not guilty findings. *State ex rel. Rose v. McGinty,* 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d

672, ¶ 3. But unless the charges that do not result in conviction have been terminated by a journal entry, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case. *See State v. Richards,* 4th Dist. Washington No. 20CA12, 2021-Ohio-389, ¶ 9-11; *State v. Ellison,* 2017-Ohio-284, 81 N.E.3d 853, ¶ 20-22 (4th Dist.), citing *State v. Gillian,* 4th Dist. Gallia No. 15CA3, 2016-Ohio-3232, ¶ 6; *State v. Johnson,* 4th Dist. Scioto No. 14CA3660, 2015-Ohio-3370, ¶ 10; *see generally* Painter and Pollis, *Ohio Appellate Practice,* Section 2:10 (Oct. 2020) ("where a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal. Indeed, a criminal charge for which there is no recorded disposition is a 'hanging charge' that 'prevents the conviction from being a final order,' and the Fourth District in particular has repeatedly invoked this doctrine as the basis for dismissing appeals in criminal cases").

{¶8} The entry appealed did not include a disposition of the fifth count of the indictment, which charged him with a third-degree felony of endangering children. And although the state asked to have this count dismissed at trial prior to opening statements and the judge indicated a willingness to grant it, the record does not include any separate journal entry disposing of this charge. The trial court's oral announcement was not journalized in the record. Therefore, the entry does not constitute a final, appealable order:

> [I]t appears that none of the trial court's journal entries disposes of the first count (theft) contained in the indictment. Although the court had mentioned the dismissal of the count during the 2018 change-of-plea hearing, "[i]t is axiomatic that a court speaks only through its journal entries." *State v.*

*Payton*, 4th Dist. Scioto No. 14CA3628, 2015-Ohio-1796, ¶ 7, quoting *State ex rel. Collier v. Farley*, 4th Dist. Lawrence No. 05CA4, 2005-Ohio-4204, ¶ 18. "The oral announcement of a judgment or decree binds no one." *State v. Grube*, 4th Dist. Gallia No. 10CA16, 2012-Ohio-2180, ¶ 7, quoting *In re Adoptions of Gibson*, 23 Ohio St.3d 170, 492 N.E.2d 146, (1986), at fn. 3. Consequently, count one remains a "hanging charge" and prevents the trial court's judgment from being a final order.

*Richards* at ¶ 12. We lack jurisdiction to address the merits of Cutright's appeal.

## IV. CONCLUSION

**{¶9}**    We lack jurisdiction to address the merits of this appeal and dismiss it.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ROSS COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**