[Cite as *State v. Kuntz*, 2023-Ohio-669.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 21CA3759 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| Chad Kuntz, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Ohio Public Defender, Columbus, Ohio, for Appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Appellant, Chad Kuntz, appeals the judgment of the Ross County Court of Common Pleas convicting him of murder, a special felony in violation of R.C. 2903.02; felonious assault, a second-degree felony in violation of R.C. 2903.11; and reckless homicide, a third-degree felony in violation of R.C. 2903.041. The record reflects that Kuntz was originally indicted on two felony counts and then was subsequently indicted under the same case number on four additional and different felony counts. He was tried before a jury on only the four

counts contained in the second indictment and was ultimately convicted of three of the counts, with the other count being dismissed. On appeal, Kuntz raises three assignments of error contending that 1) he received constitutionally ineffective assistance of counsel; 2) his felony murder conviction and felonious assault finding of guilt are not supported by sufficient evidence and the trial court erred when it denied his Crim.R. 29 motion as to those charges; 3) his felony murder conviction and felonious assault finding of guilt are not supported by the manifest weight of the evidence; and 4) his felony murder conviction is unconstitutional. However, because the trial court failed to dispose of the two counts contained in the first indictment, no final appealable order exists. As a result, we lack jurisdiction to address the merits of Kuntz's arguments and instead we must dismiss the appeal for lack of jurisdiction.

## PROCEDURAL HISTORY

{¶2} On May 7, 2021, a secret indictment was filed charging Kuntz with two felony counts as follows:

| | |
|---|---|
| Count One: | Involuntary Manslaughter, in violation of R.C. 2903.04, a felony of the first degree (alleging that he caused the death of another by committing or attempting to commit felonious assault); |
| Count Two: | Involuntary Manslaughter, in violation of R.C. 2903.04, a felony of the first degree (alleging that he caused the death of another |

by committing or attempting to commit
aggravated assault).

Kuntz was arrested on those charges, arraigned, appointed counsel, and bond was set at $500,000.00 cash, surety, or real estate. Subsequently, on June 4, 2021, a second indictment was filed under the same case number charging Kuntz with four additional felony counts as follows:

Count One:      Murder, a special felony in violation of R.C. 2903.02;

Count Two:      Felonious assault, in violation of R.C. 2903.11, a felony of the second degree (alleging that he caused the death of another by committing or attempting to commit criminal damaging or endangering);

Count Three:      Involuntary manslaughter, in violation of R.C. 2903.04, a felony of the third degree;

Count Four:      Reckless homicide, in violation of R.C. 2903.041, a felony of the third degree.

{¶3} Kuntz was again arraigned and pled not guilty to the charges, the same counsel was appointed, and his bond was continued. A bill of particulars was later filed which only addressed the four counts contained in the second indictment. Thereafter, the matter proceeded to a jury trial on September 28, 2021. The following exchange took place on the record after the jury was seated:

THE COURT:      Alright. Well, that takes care of that. Do you wish to – inform the court that you intend to dismiss the initial indictments of the – that would be the two counts of involuntary

|                | manslaughter in the indictment filed May 7 of 2021. Is that still your intent, Mr. Marks? |
|----------------|---------------------------------------------------------------------------------------------|
| MR. MARKS:     | It is, your Honor. We will move at this time to indict – or to move to dismiss those, first degree felony, involuntary manslaughter from that date. |
| THE COURT:     | Mr. Carter, I assume – |
| MR. CARTER:    | No objection. |
| THE COURT:     | The court will dismiss the two, first degree felony counts of involuntary manslaughter contained in the initial indictment filed May 7, 2021. So, this matter will proceed on the – supersede the indictment that was filed June 4 of 2021. * * * |

However, despite orally dismissing those two counts of involuntary manslaughter contained in the first indictment, it does not appear that the trial court issued a written entry formally dismissing the two counts.

{¶4} The matter thereafter proceeded to trial on only the four counts contained in the second indictment. At the close of the State's case, defense counsel moved the court to acquit Kuntz on all charges pursuant to Crim.R. 29. The motion was denied except as to the third-degree involuntary manslaughter count. Kuntz was ultimately convicted of murder, felonious assault, and reckless homicide as charged in the second indictment. The trial court issued a judgment entry on October 4, 2021, which dismissed the third-degree involuntary manslaughter count contained in the second indictment, but which did not address

the oral dismissal of the two first-degree involuntary manslaughter counts contained in the first indictment.  The trial court thereafter issued a judgment entry of sentence on October 20, 2021, and it is from that judgment that Kuntz now appeals, setting forth four assignments of error for our review.

## ASSIGNMENTS OF ERROR

I.  CHAD KUNTZ RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL.

II.  CHAD KUNTZ'S FELONY MURDER CONVICTION AND FELONIOUS ASSAULT FINDING OF GUILT ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE, AND THE TRIAL COURT ERRED WHEN IT DENIED HIS CRIM.R. 29 MOTION AS TO THOSE CHARGES.

III.  CHAD KUNTZ'S FELONY MURDER CONVICTION AND FELONIOUS ASSAULT FINDING OF GUILT ARE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

IV.  CHAD KUNTZ'S FELONY MURDER CONVICTION IS UNCONSTITUTIONAL.

## LEGAL ANALYSIS

{¶5} Before we review the merits of this appeal we must initially determine whether we have jurisdiction to do so.  "Appellate courts 'have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *.' " *State v. Stevens*, 4th Dist. Lawrence Nos. 21CA15, 21CA16, 2022-Ohio-

2518, ¶ 8, quoting Ohio Constitution, Article IV, Section 3(B)(2). *See also State v. Cunningham*, 4th Dist. Athens No. 22CA1, 2022-Ohio-4814, ¶ 4. " 'If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.' " *Stevens* at ¶ 8, quoting *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8; *Cunningham* at ¶ 4. As this Court noted in *Stevens*, " '[i]n the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte.' " *Id.* Here, after conducting a thorough review of the record, we have identified a jurisdictional issue that prevents this Court from reaching the merits of the appeal.

{¶6} " 'The General Assembly enacted R.C. 2505.02 to specify which orders are final.' " *Stevens* at ¶ 9, quoting *State v. Cutright*, 4th Dist. Ross No. 20CA3718, 2021-Ohio-1582, ¶ 6, in turn citing *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8. *See also State v. Cunningham, supra*, at ¶ 5. This Court recently explained in *Stevens* as follows:

> "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.["] *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. "The Supreme Court of Ohio has * * * held that in a criminal case involving multiple counts, a final order need not contain a reiteration of those counts that were resolved on the record in other ways, such as dismissal, nolled counts, or not guilty findings." *Cutright* at ¶ 7, citing *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3. "But unless the charges that do not result in

conviction have been terminated by a journal entry, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case." (Emphasis added) *Id.*, and cases cited therein.

*Stevens* at ¶ 9; *Cunningham* at ¶ 5. *See also* Painter and Pollis, Ohio Appellate Practice, Section 2:10 (Oct. 2020) ("where a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal. Indeed, a criminal charge for which there is no recorded disposition is a 'hanging charge' that 'prevents the conviction from being a final order,' and the Fourth District in particular has repeatedly invoked this doctrine as the basis for dismissing appeals in criminal cases").

{¶7} Here, as set forth above, although the State moved to dismiss the two counts of involuntary manslaughter contained in the first indictment, and although the trial court orally granted the motion, the trial court failed to formally dismiss those two counts either by separate entry or in the judgment entry of sentence. As such, we conclude that counts one and two contained in the May 7, 2021 indictment remain pending. Thus, the trial court's judgment entry unfortunately does not constitute a final appealable order. Accordingly, we must dismiss the appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

**<u>JUDGMENT ENTRY</u>**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**