[Cite as *State v. Nesbitt*, 2023-Ohio-1276.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 22CA20 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND<br>JUDGMENT ENTRY |
| Deshawn Nesbitt, | : | |
| Defendant-Appellant. | : | **RELEASED 4/18/2023** |

_____

APPEARANCES:

Cassandra S. Goodpaster, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

Hess, J.

**{¶1}** Deshawn Nesbitt appeals from a judgment of the Ross County Court of Common Pleas convicting him of felonious assault with a firearm specification and having weapons while under disability. Nesbitt presents four assignments of error in which he contends that the trial court erred in refusing to instruct the jury on negligent assault as a lesser included offense of felonious assault, that his conviction was against the manifest weight of the evidence, that the Reagan Tokes Law is unconstitutional, and that the having weapons while under disability statute is unconstitutional. However, the record reflects that Nesbitt was originally indicted on two counts of felonious assault and then indicted again under the same case number on two counts of felonious assault with firearm specifications and one count of having weapons while under disability. He was

tried before a jury on the counts in the second indictment and acquitted of one count and convicted of the other two counts and a firearm specification. However, the trial court did not dispose of the counts in the first indictment via journal entry. Because of these "hanging charges," the entry from which Nesbitt appeals is not a final appealable order. Therefore, we lack jurisdiction to address the merits of his appeal and dismiss it.

## I. PROCEDURAL HISTORY

{¶2} On August 6, 2021, an indictment was filed charging Nesbitt with two counts of felonious assault in violation of R.C. 2903.11, second-degree felonies. Both counts alleged that on or about July 17, 2021, Nesbitt "did knowingly cause or attempt to cause physical harm to another by means of a deadly weapon." On August 9, 2021, the trial court conducted an arraignment hearing at which Nesbitt pleaded not guilty.

{¶3} On August 27, 2021, a second indictment was filed under the same case number charging Nesbitt with three counts: (1) Count One, felonious assault in violation of R.C. 2903.11, a second-degree felony; (2) Count Two, felonious assault in violation of R.C. 2903.11, a second-degree felony; and (3) Count Three, having weapons while under disability in violation of R.C. 2923.13, a third-degree felony. As in the first indictment, both counts of felonious assault in the second indictment alleged that on or about July 17, 2021, Nesbitt "did knowingly cause or attempt to cause physical harm to another by means of a deadly weapon." However, each felonious assault count in the second indictment also included a firearm specification. On August 30, 2021, the trial court conducted a second arraignment hearing at which Nesbitt pleaded not guilty to the second indictment.

{¶4} At the jury trial, the trial court and parties proceeded as if the second indictment was the only indictment, and the jury considered only the charges and specifications set forth in it, i.e., two felonious assault counts with firearm specifications and the having weapons while under disability count. The jury found Nesbitt guilty of Count One and the accompanying firearm specification, not guilty of Count Two, and guilty of Count Three.

{¶5} On June 6, 2022, the trial court issued a judgment entry regarding the verdict. The entry stated that on August 9, 2021, Nesbitt pleaded "not guilty to the charges contained in the indictment, to wit: Felonious Assault, ORC Section 2903.11, a second degree felony, Felonious Assault, ORC Section 2903.11, a second degree felony, and Having Weapons While Under Disability, ORC Section 2923.13, a third degree felony." The entry stated that the jury found him "Guilty on Count One, Felonious Assault, Not Guilty on Count Two, Felonious Assault, and Guilty on Count Three, Having Weapons While Under Disability." The entry did not mention the fact that there were two indictments and that the jury considered only the charges and specifications set forth in the second indictment. The entry also incorrectly indicated that Nesbitt pleaded not guilty to the charges in the second indictment on August 9, 2021, when that was the date he pleaded not guilty to the charges in the first indictment.

{¶6} On June 13, 2022, the trial court issued a judgment entry of sentence in which it stated that Nesbitt had been found guilty of Count One, felonious assault, with a firearm specification, and Count Three, having weapons while under disability. The court imposed an aggregate sentence of 13.5 to 17.5 years in prison. Nesbitt filed a notice of appeal from this entry.

## II. ASSIGNMENTS OF ERROR

**{¶7}** Nesbitt presents four assignments of error:

ASSIGNMENT OF ERROR NO. 1: The trial court erred in refusing to instruct the jury on negligent assault when the evidence showed that the defendant, at most, acted recklessly when handling the firearm, but not knowingly, and recklessness is sufficient culpability for negligent assault but not for felonious assault.

ASSIGNMENT OF ERROR NO. 2: Nesbitt's conviction was against the manifest weight of the evidence as the jury clearly lost its way in rendering a guilty verdict.

ASSIGNMENT OF ERROR NO. 3: R.C. 2967.271, the Reagan Tokes Law, violates Article I, Section 5 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the Constitution of the United States.

ASSIGNMENT OF ERROR NO. 4: R.C. 2923.13, the weapons-under-disability statute that allows a juvenile adjudication to serve as a predicate offense for an adult felony conviction, violates Article I, Section 5 of the Ohio Constitution and the Sixth Amendment to [the] Constitution of the United States.

## III. LAW AND ANALYSIS

**{¶8}** Before we address the merits of the appeal, we must determine whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Ohio Constitution, Article IV, Section 3(B)(2). "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8. "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.* Our review of the record in this case revealed a jurisdictional issue which prevents us from reaching the merits of the appeal.

{¶9} "The General Assembly enacted R.C. 2505.02 to specify which orders are final." *State v. Cutright*, 4th Dist. Ross No. 20CA3718, 2021-Ohio-1582, ¶ 6, citing *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. "The Supreme Court of Ohio has * * * held that in a criminal case involving multiple counts, a final order need not contain a reiteration of those counts that were resolved on the record in other ways, such as dismissal, nolled counts, or not guilty findings." *Cutright* at ¶ 7, citing *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3. "But unless the charges that do not result in conviction *have been terminated by a journal entry*, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case." (Emphasis added) *Id.*, and cases cited therein.

{¶10} In this case, Nesbitt was charged in two indictments filed under the same case number. Although the trial court and parties appear to have treated the first indictment as if it had been dismissed and replaced by the second indictment, " ' "[i]t is axiomatic that a court speaks only through its journal entries." ' " *State v. Richards*, 4th Dist. Washington No. 20CA12, 2021-Ohio-389, ¶ 12, quoting *State v. Payton*, 4th Dist. Scioto No. 14CA3628, 2015-Ohio-1796, ¶ 7, quoting *State ex rel. Collier v. Farley*, 4th Dist. Lawrence No. 05CA4, 2005-Ohio-4204, ¶ 18. The trial court did not dispose of the counts in the first indictment via journal entry. As a result, the two counts in the first

indictment constitute "hanging charges" which prevent the trial court's judgment entry of sentence from being a final appealable order.  *See State v. Kuntz*, 4th Dist. Ross No. 21CA3759, 2023-Ohio-669, ¶ 4, 7 (although trial court orally granted state's motion to dismiss two counts in first indictment, court failed to formally dismiss those counts via journal entry, so judgment entry of sentence regarding counts in second indictment was not a final appealable order).  Therefore, we lack jurisdiction to address the merits of Nesbitt's appeal and dismiss it.

APPEAL DISMISSED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL IS DISMISSED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
        Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**