[Cite as *State v. Gutierrez*, 2024-Ohio-1404.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 23CA10 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Bethany Gutierrez, | : | **RELEASED 4/12/2024** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

Hess, J.

{¶1}     Bethany Gutierrez appeals from a judgment entry of sentence of the Ross County Court of Common Pleas convicting her, following guilty pleas, of one count of corrupting another with drugs and one count of trafficking in a fentanyl-related compound. Gutierrez presents three assignments of error asserting that (1) the trial court erred by accepting a guilty plea that was not made knowingly, voluntarily, and intelligently; (2) the trial court erred by failing to comply with the sentencing requirements in R.C. 2929.19(B)(2)(c); and (3) the trial court erred by stating post-release control was discretionary in the sentencing entry when it should be mandatory for corrupting another with drugs. However, the record reflects that there are two indictments against Gutierrez

under the same case number which each allege one count of corrupting another with drugs and one count of trafficking in a fentanyl-related compound. Evidently, Gutierrez pleaded guilty to and was convicted of the two counts in the second indictment, which the trial court orally referred to as a "superseding indictment" without objection. However, the trial court did not dispose of the counts in the first indictment via journal entry. Because of these "hanging charges," the entry from which Gutierrez appeals is not a final appealable order. Therefore, we lack jurisdiction to address the merits of this appeal and dismiss it.

## I. PROCEDURAL HISTORY

**{¶2}** On May 8, 2020, a secret indictment was filed charging Gutierrez with two counts: Count One, corrupting another with drugs in violation of R.C. 2925.02, and Count Two, trafficking in a fentanyl-related compound in violation of R.C. 2925.03. The indictment stated that Count One was a second-degree felony, and Count Two was a fifth-degree felony. On October 27, 2020, the trial court conducted an arraignment hearing at which Gutierrez pleaded not guilty.

**{¶3}** On March 5, 2021, a second indictment was filed under the same case number charging Gutierrez with two counts: Count One, corrupting another with drugs in violation of R.C. 2925.02, and Count Two, trafficking in a fentanyl-related compound in violation of R.C. 2925.03. The indictment stated that Count One was a second-degree felony, and Count Two was a fifth-degree felony. The only difference between the counts in the first and second indictments is that the second indictment stated that the drug involved in Count One was "any compound, mixture, preparation, or substance included in Schedule I or II." On March 15, 2021, the trial court conducted a second arraignment

hearing at which Gutierrez pleaded not guilty to the second indictment, which the trial court orally referred to as a "superseding indictment" without objection.

{¶4}   On April 18, 2022, Gutierrez executed a plea of guilty form stating that she was entering guilty pleas to Counts One and Two, evidently referring to the second indictment as neither party challenged the trial court's characterization of it as a superseding indictment.  The parties agreed to jointly recommend a sentence of four to six years in prison, and the state agreed to not indict Gutierrez with respect to an unindicted second-degree felony case.  The same day, the trial court conducted a change of plea hearing. The court accepted the guilty pleas and found Gutierrez guilty of the offenses to which she pleaded guilty.

{¶5}   The trial court set the matter for sentencing in May 2022, but Gutierrez did not appear, and the court ordered that her bond be revoked and a warrant issue for her arrest.  In March 2023, Gutierrez was arrested, and the court conducted the sentencing hearing.  On March 14, 2023, the court issued a judgment entry of sentence ordering her to serve 8 to 12 years in prison on Count One and 12 months in prison on Count Two, to be served concurrently. The court did not impose a fine but did order Gutierrez to pay restitution and costs.  This appeal followed.

## II.  ASSIGNMENTS OF ERROR

{¶6}   Gutierrez presents three assignments of error:

First Assignment of Error:  The trial court erred to the prejudice of Ms. Gutierrez by accepting a plea of guilty that was not made knowingly, voluntarily, and intelligently.

Second Assignment of Error:  The trial court erred to the prejudice of Ms. Gutierrez by failing to comply with the sentencing requirements contained in R.C. 2929.19(B)(2)(c).

Third Assignment of Error: The trial court erred by stating post-release control was discretionary in the sentencing entry when it should be mandatory for Count 1.

### III. LAW AND ANALYSIS

{¶7} Before we address the merits of the appeal, we must determine whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Ohio Constitution, Article IV, Section 3(B)(2). "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8. "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.* Our review of the record in this case revealed a jurisdictional issue which prevents us from reaching the merits of the appeal.

{¶8} "The General Assembly enacted R.C. 2505.02 to specify which orders are final." *State v. Cutright*, 4th Dist. Ross No. 20CA3718, 2021-Ohio-1582, ¶ 6, citing *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. "The Supreme Court of Ohio has * * * held that in a criminal case involving multiple counts, a final order need not contain a reiteration of those counts that were resolved on the record in other ways, such as dismissal, nolled counts, or not guilty findings." *Cutright* at ¶ 7, citing *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3. "But

unless the charges that do not result in conviction *have been terminated by a journal entry*, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case." (Emphasis added) *Id.*, and cases cited therein.

{¶9} In this case, Gutierrez was charged in two indictments filed under the same case number. The trial court and parties appear to have treated the first indictment as if it had been dismissed and replaced by the second indictment, and Gutierrez evidently pleaded guilty to and was convicted of the two counts in the second indictment. However, " ' "[i]t is axiomatic that a court speaks only through its journal entries." ' " *State v. Richards*, 4th Dist. Washington No. 20CA12, 2021-Ohio-389, ¶ 12, quoting *State v. Payton*, 4th Dist. Scioto No. 14CA3628, 2015-Ohio-1796, ¶ 7, quoting *State ex rel. Collier v. Farley*, 4th Dist. Lawrence No. 05CA4, 2005-Ohio-4204, ¶ 18. The trial court did not dispose of the counts in the first indictment via journal entry. As a result, the two counts in the first indictment constitute "hanging charges" which prevent the trial court's judgment entry of sentence from being a final appealable order. *See State v. Kuntz*, 4th Dist. Ross No. 21CA3759, 2023-Ohio-669, ¶ 4, 7 (although trial court orally granted state's motion to dismiss two counts in first indictment, court failed to formally dismiss those counts via journal entry, so judgment entry of sentence regarding counts in second indictment was not a final appealable order); *State v. Nesbitt*, 4th Dist. Ross No. 22CA20, 2023-Ohio-1276, ¶ 10 (although trial court and parties appeared to have treated first indictment as if it had been dismissed and replaced by second indictment, court did not dispose of counts in first indictment via journal entry, so judgment entry of sentence was not a final

appealable order).  Therefore, we lack jurisdiction to address the merits of this appeal and dismiss it.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**