[Cite as *State v. Jackson*, 2025-Ohio-322.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 23CA4031 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| Walter Jackson, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Appellant, Walter Jackson, appeals the judgment of the Scioto County Court of Common Pleas convicting him of 12 felony counts, as well as eight firearm specifications. The record reflects that Jackson was originally indicted on 8 felony counts and then was subsequently indicted under the same case number on 12 felony counts, some of which were different than those contained in the first indictment, and some of which were the same. He was tried before a jury on only the 12 counts contained in the second indictment and was ultimately found guilty of all counts. On appeal, Jackson raises five assignments of error contending that

1) the trial court erred to his prejudice and violated his Sixth Amendment rights by entering a judgment of conviction after a trial at which he received ineffective assistance of counsel; 2) the trial court erred to his prejudice by conducting the trial without him being present; 3) the trial court erred to his prejudice by failing to merge allied offenses of similar import at the time of sentencing; 4) the trial court erred in imposing consecutive sentences when the record did not support the findings made by the trial court to impose consecutive sentences; and 5) his convictions are not supported by sufficient evidence and are contrary to the manifest weight of the evidence.

{¶2} However, because the trial court failed to dispose of the eight counts contained in the first indictment, no final appealable order exists. As a result, we lack jurisdiction to address the merits of Jackson's arguments and instead we must dismiss the appeal for lack of jurisdiction.

## PROCEDURAL HISTORY

{¶3} On August 2, 2022, an indictment was filed charging Jackson with eight felony counts, as follows:

| | |
|---|---|
| Count One: | Trafficking in Heroin, in violation of R.C. 2925.03(A)(2) and (C)(6)(f), a felony of the first degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications); |
| Count Two: | Trafficking in a Fentanyl Related Compound, in violation of R.C. 2925.03(A)(2) and |

(C)(9)(g), a felony of the first degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications);

Count Three:     Possession of Heroin, in violation of R.C. 2925.11(A) and (C)(6)(e), a felony of the first degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications);

Count Four:      Possession of a Fentanyl-Related Compound, in violation of R.C. 2925.11(A) and (C)(11)(f), a felony of the first degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications);

Count Five:      Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3) and (B), a felony of the third degree (also containing a R.C. 2941.1417(A) firearm specification);

Count Six:       Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree (also containing a R.C. 2941.1417(A) firearm specification);

Count Seven:     Improperly Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B) and I), a felony of the fourth degree (also containing a R.C. 2941.1417(A) firearm specification); and

Count Eight:     Possessing Criminal Tools, in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree.

Jackson was arrested on those charges, retained counsel, was arraigned, and pled

not guilty. The matter then proceeded through discovery.

{¶4} Subsequently, on November 22, 2022, a second indictment was filed

under the same case number charging Jackson with 12 felony counts. Some of the

counts contained in the second indictment were same as those contained in the first

indictment, some were different, and there were four new counts, as follows:

Count One:        Trafficking in a Fentanyl-Related
                  Compound, in violation of R.C.
                  2925.03(A)(2) and (C)(9)(g), a
                  felony of the first degree (also
                  containing R.C. 2941.141(A) and
                  2941.1417(A) firearm specifications);

Count Two:        Possession of a Fentanyl-Related Compound,
                  in violation of R.C. 2925.11(A) and
                  (C)(11)(f), a felony of the first degree (also
                  containing R.C. 2941.141(A) and
                  2941.1417(A) firearm specifications);

Count Three:      Trafficking in a Fentanyl-Related
                  Compound, in violation of R.C.
                  2925.03(A)(2) and (C)(9)(e), a
                  felony of the second degree (also
                  containing R.C. 2941.141(A) and
                  2941.1417(A) firearm specifications);

Count Four:       Possession of a Fentanyl-Related Compound,
                  in violation of R.C. 2925.11(A) and
                  (C)(11)(d), a felony of the second degree
                  (also containing R.C. 2941.141(A) and
                  2941.1417(A) firearm specifications);

Count Five:       Trafficking in Cocaine, in violation of R.C.
                  2925.03(A)(2) and (C)(4)(d), a felony of the

third degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications);

Count Six: Possession of Cocaine, in violation of R.C. 2925.11(A) and (C)(4)(c), a felony of the third degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications);

Count Seven: Aggravated Trafficking in Drugs, in violation of R.C. 2925.03(A)(2) and (C)(1)(c), a felony of the third degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications);

Count Eight: Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and (C)(1))(b), a felony of the third degree (also containing R.C. 2941.141(A) and 2941.1417(A) firearm specifications);

Count Nine: Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(3) and (B), a felony of the third degree (also containing a R.C. 2941.1417(A) firearm specification);

Count Ten: Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree (also containing a R.C. 2941.1417(A) firearm specification);

Count Eleven: Improperly Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B) and (I), a felony of the fourth degree (also containing a R.C. 2941.1417(A) firearm specification); and

Count Twelve:      Possessing Criminal Tools, in violation of
R.C. 2923.24(A) and (C), a felony of the fifth
degree

{¶5} Thus, although both the first and second indictments included first-degree felony counts of possession of and trafficking in a fentanyl-related compound, the possession of heroin and trafficking in heroin charges contained in the first indictment were missing from the second indictment, which instead contained possession of and trafficking in cocaine charges. Additionally, the second indictment included second-degree felony counts of possession and trafficking in a fentanyl-related compound, in addition to the first-degree felony counts, as well third-degree felony counts of aggravated possession of and aggravated trafficking in drugs.

{¶6} Jackson was again arraigned and pled not guilty to the charges, but this time Jackson was represented by appointed counsel, who had replaced Jackson's previously retained counsel. During the second arraignment hearing and the pretrial hearings conducted thereafter, the second indictment was referred to as a superseding indictment and it appears the parties only discussed the counts contained in the second indictment.

{¶7} The matter thereafter proceeded to trial on March 13, 2023. Jackson was found guilty of all 12 counts contained in the second indictment, along with eight firearm specifications. After merging several of the counts for purposes of

sentencing, Jackson received an aggregate prison sentence of 25 years and 6

months to an indefinite term of 31 years, with 18 years being mandatory. The trial

court issued a judgment entry on May 15, 2023 imposing sentence; however, the

entry did not dismiss the charges contained in the first indictment. It is from that

judgment that Jackson now appeals, setting forth five assignments of error for our

review.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED TO THE PREJUDICE OF
        MR JACKSON'S SIXTH AMENDMENT RIGHTS BY
        ENTERING JUDGEMENT [SIC] AND CONVICTION
        AFTER A TRIAL AT WHICH HE RECEIVED
        INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS
        DEFENSE.

II.     THE TRIAL COURT ERRED TO THE PREJUDICE OF
        MR. JACKSON BY CONDUCTING THE TRIAL
        WITHOUT HIM BEING PRESENT.

III.    THE TRIAL COURT ERRED TO THE PREJUDICE OF
        MR. JACKSON BY FAILING TO MERGE ALLIED
        OFFENSES OF SIMILAR IMPORT AT THE TIME OF
        SENTENCING.

IV.     THE TRIAL COURT ERRED IN IMPOSING
        CONSECUTIVE SENTENCES WHEN THE RECORD
        DID NOT SUPPORT THE FINDINGS MADE BY THE
        TRIAL COURT TO IMPOSE CONSECUTIVE
        SENTENCES.

V.      MR. JACKSON'S CONVICTIONS WERE NOT
        SUPPORTED BY SUFFICIENT EVIDENCE AND IS
        [SIC] CONTARY TO THE MANIFEST WEIGHT OF
        THE EVIDENCE.

LEGAL ANALYSIS

{¶8} Before we address the merits of the appeal, we must determine whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Ohio Constitution, Article IV, Section 3(B)(2). "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 2015-Ohio-4246, ¶ 8 (4th Dist.). "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.* Our review of the record in this case reveals a jurisdictional issue which prevents us from reaching the merits of the appeal.

{¶9} "The General Assembly enacted R.C. 2505.02 to specify which orders are final." *State v. Cutright*, 2021-Ohio-1582, ¶ 6 (4th Dist.), citing *Smith v. Chen*, 2015-Ohio-1480, ¶ 8. "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus. "The Supreme Court of Ohio has * * * held that in a criminal case involving multiple counts, a final order need not contain a reiteration of those counts that were resolved on the record in other ways, such as dismissal, nolled

counts, or not guilty findings."  *Cutright* at ¶ 7, citing *State ex rel. Rose v. McGinty*, 2011-Ohio-761, ¶ 3.  "But unless the charges that do not result in conviction have been terminated by a journal entry, the hanging charges prevent the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action by resolving the entire case."  (Emphasis added) *Id.*, and cases cited therein.

{¶10} In this case, Jackson was charged in two indictments filed under the same case number.  The trial court and parties appear to have treated the first indictment as if it had been dismissed and replaced by the second indictment (which was stamped as a "superseding" indictment), and Jackson was convicted of all 12 counts contained in the second indictment, along with 8 firearm specifications.  However, " ' "[i]t is axiomatic that a court speaks only through its journal entries." ' "  *State v. Richards*, 2021-Ohio-389, ¶ 12 (4th Dist.), quoting *State v. Payton*, 2015-Ohio-1796, ¶ 7 (4th Dist.), in turn quoting *State ex rel. Collier v. Farley*, 2005-Ohio-4204, ¶ 18 (4th Dist.).  The trial court did not dispose of the counts in the first indictment via journal entry.

{¶11} As a result, the eight counts in the first indictment constitute "hanging charges" which prevent the trial court's judgment entry of sentence from being a final appealable order.  *See State v. Kuntz*, 2023-Ohio-669, ¶ 4, 7 (4th Dist.) (although trial court orally granted state's motion to dismiss two counts in first

indictment, court failed to formally dismiss those counts via journal entry, so judgment entry of sentence regarding counts in second indictment was not a final appealable order); *State v. Nesbitt*, 2023-Ohio-1276, ¶ 10 (4th Dist.) (although trial court and parties appeared to have treated first indictment as if it had been dismissed and replaced by second indictment, court did not dispose of counts in first indictment via journal entry, so judgment entry of sentence was not a final appealable order); *State v. Gutierrez*, 2024-Ohio-1404, ¶ 9 (4th Dist.) (although the trial court and parties appear to have treated the first indictment as having been dismissed and replaced by the second indictment, because the trial court did not dispose of the counts in the first indictment via journal entry, the judgment entry of sentence related to the second indictment was not a final appealable order). Therefore, we lack jurisdiction to address the merits of this appeal and dismiss it.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**